IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00377-ZLW-MEH

CHAD M. WIESE,

    Plaintiff,
v.

CENTEX HOMES,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER
TO PROTECT CONFIDENTIAL MATERIAL**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Entry of Protective Order to Protect Confidential Material [filed November 26, 2008; docket #21]. The matter is briefed and has been referred to this Court for resolution [docket #22]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court orders Defendant's Motion for Entry of Protective Order to Protect Confidential Material is **granted in part and denied in part**.

**I.    Background**

Plaintiff commenced this employment discrimination claim pursuant to the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 *et seq*., on February 24, 2008. Plaintiff claims Defendant terminated Plaintiff's employment in violation of USERRA. (*See* docket #1.) Defendant asserts it did not violate USERRA by acting within its permissible bounds regarding Plaintiff's employment. (*See* docket #7.) The parties have begun discovery, and Defendant seeks the Court to enter a protective order purposed to regulate the

disclosure of confidential information between the parties.

## II. Discussion

### A. *Fed. R. Civ. P. 26(c) Standard*

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.").

The good cause standard of 26(c) is not met by conclusory statements. *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003). Instead, "the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party." *Id.* (citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D. Colo. 2002)). As a general rule, the "good cause" calculation requires that the Court balance "the [moving] party's need for information against the injury which might result from unrestricted disclosure." *Exum,* 209 F.R.D at 206 (citations omitted). Additionally, the Court should consider any privacy interests and whether the case implicates issues important to the public. *Id.*

2

### B. *"Blanket" Protective Orders*

As determined by this District in *Gillard v. Boulder Valley School Dist. RE-2*, "blanket protective orders place upon the parties themselves . . . the initial burden of determining what information is entitled to protection," and require the party seeking protection to "designate the information it believes, in good faith, is confidential . . . ." 196 F.R.D. 382, 386 (D. Colo. 2000). Oftentimes, the parties stipulate to blanket protective orders and adhere to confidentiality procedures of their own making. *See id*.

The *Gillard* Court evaluated certain conditions in determining whether to implement a blanket protective order in the case that not all parties agree. These conditions include a "threshold showing of good cause to believe that discovery will involve confidential or protected information," an agreement to invoke the confidential designation only in good faith, a procedure incorporated within the order for parties to contest a confidential designation, and the burden of proof resting with the party seeking the confidentiality protection. *Id*. (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Penn. House Group, Inc*., 121 F.R.D. 265, 268 (M.D.N.C. 1988)). A "generalized showing of good cause for the entry of a blanket protective order is sufficient, and a document-by-document showing is not required." *Id*. (citation omitted).

### III. Analysis

Defendant moves for a protective order protecting confidential information on the basis that Plaintiff seeks non-public financial information and private employment information concerning Defendant's nationwide operations and employees. (Docket #21 at 2.) In addition to protecting financial and employment information, Defendant's proposed protective order includes categories of materials to be protected such as "product specifications, product designs, . . . customer purchase

3

information, . . . price information," and others not identified as requested by Plaintiff. (*See* docket #21-6 at 3-4.)

Plaintiff contests Defendant's proposed order as "overbroad, oppressive, unnecessary" and "not sufficiently narrowly tailored to protect Centex Homes from a clearly defined and serious injury." (Docket #23 at 4, 5.) However, Plaintiff offers no objection to a protective order in this matter limited to the determination of materials regarding non-public financial data and private employment information as confidential. (Docket #23 at 5-6; *see also* docket #24 at 4.) Notably, Plaintiff explicitly states he "is not seeking" the excess categories of materials included in Defendant's proposed order. (Docket #23 at 6.)

"Blanket protective orders serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention." *Gillard*, 196 F.R.D. at 386. The Court concludes Defendant meets the threshold good cause standard requiring a showing that confidential information will be sought and disclosed through discovery as applied to Plaintiff's requests concerning Defendant's non-public financial data and private employment information, but not as applied to the additional un-requested categories listed in Defendant's present proposed order. Furthermore, in their briefing, the parties essentially agreed to a protective order limited to the confidentiality of non-public financial data and private employment information. (*See* docket #23 at 5-6; *see also* docket #24 at 4.) Therefore, the Court orders Defendant to resubmit a proposed protective order consistent with such terms on or before January 13, 2009. The Court emphasizes to the parties that this order in no way precludes Defendant from again petitioning the Court for a protective order if Plaintiff seeks further discovery not covered by the terms of this order.

4

**IV.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ordered Defendant's Motion for Entry of Protective Order to Protect Confidential Material [filed November 26, 2008; docket #21] is **granted in part and denied in part**.  Defendant shall submit a proposed protective order consistent with this order on or before **January 13, 2009**.

Dated at Denver, Colorado, this 31st day of December, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge