IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00377-ZLW-MEH

CHAD M. WIESE,

     Plaintiff,

v.

CENTEX HOMES,

     Defendant.

---

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO HOLD VIDEO-TAPED DEPOSITION . . . BY TELEPHONE OR IN A NEUTRAL LOCATION**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Protective Order to Hold Videotaped Deposition of Plaintiff Chad M. Wiese by Telephone or in a Neutral Location [filed January 9, 2009; docket #27]. The Court does not believe a response is necessary. Plaintiff contends that he was discriminated against based on his service in the United States military, bringing this case under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* In the present motion, he seeks to have his deposition occur either by telephone or in a location other than Defendant's counsel's office (which is where, apparently, Defendant wants the deposition to occur). First, Plaintiff suggests that the deposition occur by telephone, relying solely on Plaintiff's counsel having to travel to Colorado from Louisiana as the justification for this request (without regard to whether Plaintiff must travel or not). It was not Defendant's choice, however, for an out-of-state attorney to represent Plaintiff, and Defendant should not be prejudiced thereby (financially by having to travel for the deposition that would normally occur in defense counsel's office, or practically by the inability to perceive Plaintiff's demeanor during his testimony). In the alternative,

Plaintiff requests that the deposition occur at a "neutral" location, other than defense counsel's office, because the latter setting would be "uneasy and prejudicial." Plaintiff offers no justification for this assertion but simply the mere implication that defense counsel's offices are inherently hostile. The Court does not accept this assumption. However, in the event, during or leading up to the deposition, that Plaintiff can identify some concrete and factually supported circumstance associated with having the deposition at defense counsel's office that would cause him prejudice, Plaintiff may raise the issue again at that time.

Accordingly, for the reasons stated above, it is hereby ordered Plaintiff's Motion for Protective Order to Hold Videotaped Deposition of Plaintiff Chad M. Wiese by Telephone or in a Neutral Location [filed January 9, 2009; docket #27] is **denied**.

Dated at Denver, Colorado, this 12th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge