IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00377-ZLW-MEH

CHAD M. WIESE,

    Plaintiff,

v.

CENTEX HOMES,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion to Strike Plaintiff's Expert Witness [filed February 27, 2009; docket #33]. This matter is briefed, and oral argument would not assist the Court in adjudicating the Motion. For the following reasons, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Expert Witness.

Plaintiff brought this case under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* The Court held a settlement conference on August 25, 2008. In advance of the settlement conference, Plaintiff's counsel disclosed that he had an expert report on damages. Defendant's counsel sought the report as a means to analyze settlement prospects. Plaintiff's counsel refused, stating that it would be provided on the due date. Defendant's counsel again sought the expert report on November 17, 2008. Plaintiff's counsel again stated that he would provide it when it was due. The Scheduling Order set the deadline for designating experts as November 20, 2008. Plaintiff did not designate an expert on that date.

On January 29, 2009, during a deposition in this case, Defendant's counsel pointed out that no expert had ever been designated. Two days later, Plaintiff submitted a designation of expert, over two months out of time. The expert was designated in the area of damages. Plaintiff did not seek leave of Court or amendment of the Scheduling Order. On March 13, 2009, in response to this Motion to Strike, Plaintiff requested leave to amend the Scheduling Order. (Docket #35.)

Plaintiff relies on one reason for the missed deadline: Plaintiff's counsel's office did not docket the expert disclosure deadline in this case, but instead docketed November 20, 2008, as the expert disclosure deadline in another case, *Gross v. PPG Industries, Inc.*, 2:07-cv-00982-JPS (E.D. Wis.). The Court understands how such a mistake could happen. However, the Court cannot find any case law to support the argument that this kind of mistake can constitute good cause, which is the required showing for amendment of the Scheduling Order under Fed. R. Civ. P. 16(b)(4). In fact, virtually all of the precedent which this Court found establishes that this type of mistake provides no basis for granting the extension requested here. "The . . . excuse that the omission resulted from a scheduling mistake in counsel's office, is not the type of satisfactory explanation for which relief may be granted." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). "[I]nadvertent error . . . is not good cause." *In re Wilson*, 96 B.R. 301, 303 (Bankr. E.D. Cal. 1989). *See Hussain v. Nicholson*, 435 F.3d 359, 363, 369 (D.C. Cir. 2006) (affirming decision that lack of diligence provides no basis for "good cause" in amending scheduling order); *Zimmerman v. Cambridge Credit Counseling Corp.*, 529 F. Supp.2d 254, 265 (D. Mass. 2008) (same); *AMW Material Testing, Inc. v. Town of Babylon*, 215 F.R.D. 67, 71 (E.D.N.Y. 2003) ("Counsel's inadvertence or oversight is not good cause for the purposes of Rule 16.").

Unfortunately for Plaintiff, the lack of prejudice (although Defendant establishes some

prejudice here) cannot change the result. "Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish 'good cause.'" *E.g., Anderson v. City of Dallas, Tex.*, 210 F.R.D. 579, 581 (N.D. Tex. 2002). Numerous other cases stand for the same proposition. To deny this motion the Court must deny the plain language of Rule 16 and ignore a virtually unbroken line of precedent. Sympathy for the Plaintiff's position cannot be the basis for overlooking the rules governing this lawsuit.

Accordingly, the Court ORDERS Defendant's Motion to Strike Plaintiff's Expert Witness [filed February 27, 2009; docket #33] is **GRANTED**, and Plaintiff's Rule 26(a)(2) expert disclosure is hereby **STRICKEN**.

Dated at Denver, Colorado, this 31st day of March, 2009.

                                              BY THE COURT:

                                              s/ Michael E. Hegarty
                                              Michael E. Hegarty
                                              United States Magistrate Judge